**FEDERAL PUBLIC DEFENDER**
NORTHERN DISTRICT OF CALIFORNIA
19TH FLOOR FEDERAL BUILDING - BOX 36106
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

**JODI LINKER**
*Federal Public Defender*
**DAVID RIZK**
*Assistant Federal Public Defender*

Telephone:  (415) 436-7700
Fax:  (415) 436-7706

October 12, 2023

The Honorable Lisa Cisneros
United States Magistrate Judge
San Francisco Courthouse 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

   **RE:  United States v. Lopez, 3:23-mj-71440 MAG**

Your Honor:

I write to request that the magistrate court lift the 24-hour stay and release Mr. Lopez. The temporary stay was granted to permit the government to file a motion to the district court to revoke this court's release order. Instead of appealing to the district court on the grounds before the magistrate court, the government elected to attempt to raise new issues and is now effectively seeking a continuance of the detention hearing to seek reconsideration of this court's release order. The stay was not granted for the purpose of seeking reconsideration, reconsideration is inappropriate, and the Bail Reform Act does not permit the government a further continuance.

A party must seeking reconsideration of a prior order must seek leave to do so, and specifically justify the grounds for its request. *See* N.D. Cal. Civ. L.R. 7-9(a)-(b).[1] That is so because "[r]econsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *United States v. Wade*, No. 15-CR0458 EJD, 2020 WL 736234, at (N.D. Cal. Feb. 13, 2020)) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)) (citation and internal quotation marks omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *United States v. Hill*, No. 13-CR-00765 SI, 2014 WL 3735139, at *2 (N.D. Cal. July 24, 2014) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). The movant must also show that "in the exercise of reasonable diligence the party applying for reconsideration did

---

[1] Although the local criminal rules do not specify the requirements for a motion for reconsideration, Local Civil Rule 7-9's requirements are traditionally also applied to criminal cases. *See, e.g., United States v. Belgarde*, 300 F.3d 1177, 1180 (9th Cir. 2002); *United States v. Artega-Centeno*, No. 18 CR 332-CRB, Dkt. 48, at 3 (N.D. Cal. Feb. 4, 2019) (noting that "numerous circuit courts have held that motions for reconsideration may be filed in criminal cases") (citation omitted).

United States v. Lopez, 3:23-mj-71440 MAG
October 12, 2023
Page 2

not know such fact or law at the time of the interlocutory order." N.D. Cal. Civ. L.R. 7-9(b)(1). "The district court has discretion to deny a motion for reconsideration." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

There are no grounds for reconsideration here, and the government has not articulated any despite the fact that the Rules specifically require the party seeking reconsideration to explain what the basis is in order to obtain leave to file the motion. *See* Civ. L.R. 7-9(b) (Form and Contents of Motion for Leave). The fact is, the government had ample time to investigate and present anything it believed was important for the magistrate court to consider in connection with its motion for detention. The arrests underlying the instant charges occurred in June and September 2023—many weeks to months ago. Some of the issues it now seeks to raise are even older; records have been available to the government for months but, even by its own account, it simply failed to obtain them until sometime yesterday afternoon—*after* Your Honor ruled against the government.

The fact that the government failed to exercise reasonable diligence in obtaining records is particularly obvious in the context of this detention hearing. The Bail Reform Act specifically provides that "a continuance on motion of the attorney for the Government may not exceed three days." 18 U.S.C. § 3142(f). That is the period afforded to the government to conduct any final investigation it believes is necessary to support its position. Here, that three-day period has elapsed, and Your Honor already correctly ruled to that effect. Indeed, at the detention hearing yesterday, government counsel specifically asked for a further continuance to present additional information, the defense pointed out that they the three-day time period for that to occur had already elapsed, and Your Honor correctly declined to continue further the detention hearing.

With this new motion for reconsideration the government is improperly trying to "back-door" a continuance request that was already denied. Because there was no appeal, the stay should be lifted, the defendant should be released. There is no basis for a continued detention hearing under 18 U.S.C. § 3142(f) and leave to file this new motion for reconsideration should simply be denied, consistent with Local Rule 7-9(b)(1). Under the Rule, the magistrate court does not even need to reach the merits of the government's filing.

Sincerely,

JODI LINKER
Federal Public Defender
Northern District of California

/S

DAVID RIZK
Assistant Federal Public Defender