UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA VICENTE LOPEZ,<br><br>Defendant. | Case No. 23-cr-00360-JD-1  (LJC)<br><br>**ORDER GRANTING DETENTION UPON REHEARING PURSUANT TO 18 U.S.C. § 3142(F)(2)(B)**<br><br>Re: ECF No. 4 |

On September 25, 2023, Defendant Joshua Vicente Lopez was charged by complaint with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Subsequently, Lopez was indicted for two counts of possession with intent to distribute methamphetamine and two counts of possession with intent to distribute fentanyl. ECF No. 21.

This matter came before the Court on October 11, 2023, for a detention hearing. At the time, the Undersigned set conditions of release and ordered Lopez's release. ECF Nos. 14, 15. At the same time, the Undersigned stayed the order for twenty-four hours to allow the Government to appeal the release order. Ultimately, the District Judge referred the matter back to the Undersigned for reconsideration based on new information that the Government received and presented in support of its request for detention. ECF No. 18. The parties convened again on October 19, 2023, and the Undersigned directed Pretrial Services to review the new information and update its Pre-Bail Report. ECF No. 22. Pretrial Services completed the update, and on October 30, 2023, the parties reconvened to complete the rehearing on the Government's motion to detain Lopez. ECF No. 24.

Upon consideration of the facts, proffers and arguments presented, and the four factors set

forth in the Bail Reform Act, as codified at 18 U.S.C. § 3142(g), and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.

The present Order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion. The defendant has presented a viable surety, ties to the community and local familial relationships, such that he has satisfied his burden to produce "some credible evidence" to address the presumption in favor of detention. United States v. Castaneda, No. 18-cr-00047-BLF, 2018 WL 888744, at *3 (N.D. Cal. Feb. 14, 2018) (the presumption imposes a "burden of production"). That said, the Government has still demonstrated by clear and convincing evidence that the risk that Lopez will fail to appear cannot be sufficiently mitigated by any condition or combination of conditions of release. He is facing serious charges, thereby creating incentives to flee. Within the last year, Lopez failed to appear for his San Francisco Superior Court case on June 20, 2023, though he was not in custody. Furthermore, during that period in June, not only did Lopez fail to appear to answer for state charges, but he was arrested again for selling fentanyl and other drugs. He was arrested in June for carrying a significant quantity of fentanyl. Finally, electronic monitoring in the state case was insufficient to ensure Lopez's compliance with the state court's release order. The Government's showing indicates Lopez's clear disregard for prior court orders, and it has satisfied the clear and convincing standard under the Bail Reform Act to justify Lopez's detention on the grounds that no condition or combination of conditions will reasonably assure his appearance to answer for the federal charges against him.

These findings are made without prejudice to the defendant's right to seek review of defendant's detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General

for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    2.     The defendant be afforded reasonable opportunity for private consultation with counsel; and

    3.     On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: November 6, 2023

_____
LISA J. CISNEROS
United States Magistrate Judge